UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK WHITICAR                                             CIVIL ACTION

VERSUS                                                    NUMBER: 21-0965

CIVIL DISTRICT COURT                                      SECTION: E(1)
JUDGE DIVISION "D"
NAKISHA ERIN-KNOTT

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Mark Whiticar filed the above-captioned matter in this Court in which he asserts a claim against Orleans Parish Civil District Court Judge Nakisha Ervin-Knott[1] alleging that his rights have been violated by a conflict of interest in Judge Ervin-Knott's handling of litigation to which Mr. Whiticar was a party.

For the following reasons, it is RECOMMENDED that this lawsuit be DISMISSED for failure to state a claim and for seeking monetary relief against a defendant who is immune from suit under 28 U.S.C. § 1915(e)(2)(B)(ii-iii).

### Background

Mr. Whiticar alleges that he paid Shelia Julien to redeem his home on May 2, 2019 and received a Redemption Certificate and his home back. He alleges that on March 24, 2020, he paid Forstall Follies LLC $2,272 to redeem his home. He alleges that on February 30, 2020, he paid Ms. Julien $7,147.35 to get his Redemption Certificate back from her. He alleges that he had a court date in Orleans Parish Civil District Court on March 6, 2020, before Judge Ervin-Knott. He alleges that he saw Judge Ervin-Knott and Ms. Julien on Facebook. He became concerned that Judge Ervin-Knott would show favoritism to Ms. Julien due to a conflict of interest.

---

[1] Judge Ervin-Knott is erroneously named as Nakisha Erin-Knott in the caption of the case.

Mr. Whiticar alleges that he followed all instructions of the Bureau of Treasury of the City of New Orleans to redeem his home. But, he alleges, Judge Ervin-Knott showed unprofessional favoritism and disregarded his Certificate of Redemption. He alleges that Judge Ervin-Knott put his home in an illegal Sheriff's Auction even though all taxes were paid in full to all parties owed.

Mr. Whiticar alleges that Judge Ervin-Knott has caused him to experience mental fear and dread of losing his home and being forced to live on the streets. He alleges that he has been under the care of a mental health organization and that he has suffered irreversible mental damage due the disregard of his rights by Judge Ervin-Knott showing favoritism to her alleged friend Ms. Julien. He alleges he has experienced bias because he is a poor American living on a main street with a streetcar line with a home that went from a value of under $150,000 to millions of dollars. He alleges that investors like Ms. Julien, who has friends with influence like Judge Ervin-Knott, can cause poor Americans to be removed from their homes. He alleges he has lived in his home for 40 years.

Mr. Whiticar seeks an order immediately removing and releasing his home from the Sheriff's Auction. He seeks punitive damages of $3,000,000 for the emotional stress he has suffered. He seeks an order requiring the acceptance of his Certificate of Redemption and $1,000,000 in punitive damages for the destruction of his business, a youth program for at risk youth that he operated out of his home. He seeks an order enjoining Judge Ervin-Knott and Sheriff Marlin Gusman from auctioning his home.

Mr. Whiticar invokes this Court's jurisdiction under 28 U.S.C. § 1331 and says that his case involves questions of Federal law. He also invokes 28 U.S.C. § 1346 because he says he seeks damages for violation of his civil rights. He does not specifically assert what civil rights he is

invoking. He also invokes this court's supplementary jurisdiction over state law claims under 28 U.S.C. § 1367.

Although he has not cited 42 U.S.C. § 1983, by invoking his civil rights and by citing 28 U.S.C. § 1346, which gives this court jurisdiction over an action to recover damages or secure equitable relief under an Act of Congress providing for the protection of civil rights, Mr. Whiticar may be attempting to assert a claim under that statute. He may be claiming that his constitutional right to procedural due process has been violated by the alleged partiality of Judge Ervin-Knott. See Marshall v. Jerrico, 446 U.S. 238, 242 (1980).

The Court has permitted Mr. Whiticar to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. Mr. Whiticar was ordered to show cause in writing by June 30, 2021, why his lawsuit should not be dismissed for failure to state a claim and for seeking monetary relief against a defendant who is immune from suit under 28 U.S.C. § 1915(e)(2)(B)(ii-iii). He requested an extension on June 30, 2021, and the Court extended his deadline to July 30, 2021. He requested another extension on July 29, 2021, and the Court extended his deadline to August 31, 2021. Hurricane Ida hit the area on August 29-30, 2021, and on September 4, 2021, Chief Judge Brown issued General Order No. 21-12, ordering that "[a]ll deadlines and delays, including prescriptive and peremptive periods, in cases pending or to be filed in this Court are hereby suspended for thirty (30) days commencing from August 26, 2021." As of today's date, more than 30 days after the ordered deadline, Mr. Whiticar has not responded to the Court's order to show cause.

Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
>         (B) the action or appeal –
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349,

4

356–57 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1871)). "This broad scope of immunity is afforded to judges for actions taken within their jurisdiction because their role in the judicial system requires that they enjoy freedom to determine the law unfettered by the threat of collateral attacks against the judge personally." Mays v. Sudderth, 97 F.3d 107, 110–11 (5th Cir. 1996). "[A] district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) determination." Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995); see Knight v. Bennet, No. CIV.A. 07-1276, 2007 WL 1217727, at *2 (E.D. La. Apr. 23, 2007) (dismissing claims against judge on § 1915 review where only relief sought was monetary damages and all alleged actions were taken in judge's role as a judicial officer).

Mr. Whiticar seeks punitive damages of $3,000,000 for emotional stress and $1,000,000 for destruction of his business. He challenges Judge Ervin-Knott's judicial rulings as being tainted by partiality. The issuance of orders within a court proceeding clearly amount to judicial functions. Judge Ervin-Knott is protected by absolute immunity while exercising her judicial functions, even if she does so maliciously as Mr. Whiticar alleges. Accordingly, Mr. Whiticar's claims for monetary damages against Judge Ervin-Knott are barred by absolute judicial immunity and warrant dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Mr. Whiticar also seeks injunctive relief. He requests an order immediately removing and releasing his home from the Sheriff's Auction, an order requiring the acceptance of his Certificate of Redemption, and an order enjoining Judge Ervin-Knott and Sheriff Marlin Gusman[2] from auctioning his home. But injunctive relief under § 1983 against a judicial officer is unavailable "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983;

---

[2] Sheriff Gusman has not been named as a defendant.

see Doris v. Van Davis, No. CIV.A. 08-4138, 2009 WL 382653, at *3 (E.D. La. Feb. 12, 2009) (noting that injunctive relief against a state court judge was not available under § 1983 where the plaintiff alleged his civil rights were violated when the judge did not have a witness arrested for lying under oath); Ormond v. Sassone, No. CIV.A. 07-8827, 2008 WL 1930451, at *3 (E.D. La. Apr. 3, 2008) (holding injunctive relief against a judge under § 1983 was not available where plaintiff alleged that the judge had imposed an illegal sentence on him and had mishandled his application for post-conviction relief). Mr. Whiticar does not allege the violation of a declaratory decree or that declaratory relief was unavailable. Further, to the extent Mr. Whiticar seeks an order directing Judge Ervin-Knott to take some action in his state court proceeding, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb Cty. Superior Ct., 474 F.2d 1275, 1276 (5th Cir. 1973). Accordingly, Mr. Whiticar's claims for injunctive relief against Judge Ervin-Knott should be dismissed for failure to state a claim.

## Conclusion

For the foregoing reasons, Mr. Whiticar's complaint fails to state a claim and seeks monetary relief against a defendant who is immune from suit under 28 U.S.C. § 1915(e)(2)(B)(iii). Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED.

## **NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 26th day of October, 2021.

                                                              Janis van Meerveld
                                                     United States Magistrate Judge